IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VICTOR BLANT, | : | |
|     *Petitioner*, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| JOHN WETZEL et al., | : | No. 13-3488 |
|     *Respondents*. | : | |

### O R D E R

**AND NOW**, this 11th day of March, 2014, upon consideration of Mr. Blant's Petition for Writ of Habeas Corpus (Docket No. 1), Respondents' Response thereto (Docket No. 8), Mr. Blant's Reply (Docket No. 13), United States Magistrate Judge Thomas J. Rueter's Report and Recommendation ("R&R," Docket No. 9), and Mr. Blant's Objections to the Report and Recommendation (Docket No. 14), **it is hereby ORDERED that:**

    1.    The Report and Recommendation is **APPROVED and ADOPTED. Mr. Blant's Petition is DISMISSED WITHOUT PREJUDICE to his seeking the Third Circuit Court of Appeals' permission to file a second or successive habeas petition.**

    2.    Mr. Blant's Objections are **OVERRULED**.[1]

---

[1] Mr. Blant contends that if this Court were to stay his current petition pending the state court's resolution of his second PCRA petition, the current petition would cease to be a second or successive petition once the state court ruled on his second PCRA petition. Reply 2-3. He cites *Magwood v. Patterson*, 130 S. Ct. 2788 (2010), for the proposition that 28 U.S.C. § 2244(b)'s requirements regarding second or successive habeas petitions "apply only to a 'second or successive' application challenging the same state-court *judgment*," *id.* at 2796, and contends, therefore, that when the state court rules on his second PCRA petition, that ruling will constitute a new judgment and thus his current habeas petition will no longer be second or successive.

    Mr. Blant misunderstands the meaning of the word "judgment" in *Magwood*. The word "judgment" refers to the sentence imposed on account of the petitioner's conviction—that is,

3. There is no probable cause to issue a certificate of appealability.[2]

4. The Clerk of Court shall mark this case **CLOSED** for all purposes, including statistics.

BY THE COURT:

  /s/  Gene E.K. Pratter
GENE E.K. PRATTER
United States District Judge

---

"the judgment pursuant to which [the petitioner] was being detained." *Id.* at 2801 (alteration in original). In *Magwood*, a federal court vacated Mr. Magwood's original sentence. *Id.* at 2793. The state court then *resentenced* him, thereby producing a "new judgment intervening between the two habeas petitions," *id.* at 2801 (quoting *Burton v. Stewart*, 549 U.S. 147, 156 (2007) (per curiam)), and thus Mr. Magwood's habeas petition before the Supreme Court was Mr. "Magwood's *first* application challenging that intervening judgment," *id.*

The Supreme Court also explicitly noted that *Magwood* did "not require [it] to determine whether § 2244(b) applies to every application filed by a prisoner in custody pursuant to a state-court judgment if the prisoner challenged the *same* state-court judgment once before"—in fact, to the contrary, "[t]hree times [it has] held otherwise." *Id.* at 2799 n.11 (citing *Slack v. McDaniel*, 529 U.S. 473, 487 (2000); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 643 (1998); *Panetti v. Quarterman*, 551 U.S. 930, 945 (2007)).

Because Mr. Magwood's instant habeas petition appears to challenge the *same* January 4, 1996 judgment of conviction and resulting sentence as did his first federal habeas petition, *see* R&R 2, his instant petition is second or successive and he must therefore move the Third Circuit Court of Appeals "for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b).

[2] A certificate of appealability may issue only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *accord Lambert v. Blackwell*, 387 F.3d 210, 230 (3d Cir. 2004).